Potter, Judge, &c. *v.* Mayo & als.

POTTER, JUDGE, &c. *v.* MAYO & ALS.

If in an action on a probate-bond, the writ, besides the usual indorsement of the attorney's name, be also indorsed with the name of the person who is entitled *in any capacity* to receive the money sued for, it is a sufficient com- pliance with *Stat.* 1821. *ch.* 51. *sec.* 70. though the party have only an *equitable* interest in the subject of the suit.

DEBT on an administration-bond. The writ was indorsed with the name of the attorney who brought this action;—and with this further indorsement;—" This action is brought for the " benefit of *John McLellan* of *Portland* aforesaid, *assignee* of the " amount of an invoice or bill of fish included in a judgment " recovered in favour of *Nathaniel Martin* against the executors " of *James Weeks* in the Supreme Judicial Court; and for the " benefit of *Charles Stewart Daveis* of *Portland* aforesaid, attor- " ney at law, attorney in the action, on account of his lien for " the costs contained in said judgment. The same being the " interest of *a creditor* assigned for the amount of said demand, " and subject to the lien of the attorney for the amount of his " bill of costs, fees, and disbursements aforesaid.".

The defendants pleaded in abatement of the writ, that it had not, in addition to the usual indorsement of the name of the plaintiff or his attorney, the name of any *heir*, *legatee*, or *creditor* now living of the deceased person, as whose executors the defendants made and executed the bond declared on, for whose particular use and benefit this action is brought, written thereon.

. The plaintiff replied, " that the said writ, in addition to the " usual indorsement of his attorney, hath also the names of *the* " *person or persons* for whose particular use and benefit the suit

" is brought written thereon, viz.—the name of *John McLellan* " of *Portland* aforesaid, *creditor in interest,* and the name of " *Charles Stewart Daveis* of said *Portland,* attorney at law, and " attorney *in the original action* aforesaid," and this, &c.

To this the defendants demurred, assigning for cause,—1. that the replication does not deny, nor confess and avoid the matter of the plea;—2. that it does not state *of whom* said *McLellan* is the creditor;—3. that it does not state that said *Daveis* is either *heir, legatee,* or *creditor* of the deceased, nor attorney to either.

*Hopkins,* in support of the demurrer, contended that the replication was bad, because it did not shew that the persons, for whose benefit the suit was commenced, were either heirs, legatees or creditors of the deceased. These are the only persons for whom the Judge of Probate is trustee, by the statute ; and he has no powers except such as are expressly conferred. Courts, it is true, have protected the equitable interests of assignees of a chose in action, but it is always by a suit in the name of the assignor, and never by a suit in the name of the assignee, as is the case here. *Gould v. Newman,* 6 *Mass.* 239. *Porter v. Millett,* 9 *Mass.* 101. The executors cannot tell, and have no means of knowing, what objection the assignor might have to a recovery by *McLellan* in this case;—and should his assignor or his legal representative bring forward another suit for the same cause of action, a judgment in this case might not protect the present defendants against such subsequent suit.

*Emery* and *Daveis,* for the plaintiff. The indorsement, *it is* true, shews no interest of an heir or legatee ; but it does shew the beneficial interest of a creditor, which is sufficient ;—the statute only requiring that it should state the name of the person for whose *use* the action is brought. The interest of the party seeking the remedy is such as the law will always protect ; it being an equitable assignment of a debt standing in judgment, to which the lien of the attorney is superadded, constituting him also a creditor. This lien is recognized by our own statute, the doctrine of which is expounded in *Baker v. Cook,* 11 *Mass.* 238.

Potter, Judge, &c. v. Mayo & als.

MELLEN C. J. delivered the opinion of the Court.

By the 70th section of the act of 1821. *ch.* 51. it is provided that in a suit upon a probate-bond " the writ, in addition to the " usual indorsement of the name of the plaintiff or his attorney, " shall also have the name of the person or persons, for whose " particular use and benefit the suit is brought, written thereon." The defendants plead in abatement; that " the writ has not in " addition to the usual indorsement of the name of the plaintiff " or his attorney, the name of any heir, legatee, or creditor " now living, of the deceased person, as whose executors the " said *Mayo & als.* made and executed the bond declared on, " for whose particular use and benefit the action is brought, " written thereon." The first question is, whether the *plea* be good. The essence of it is, that the name of no heir, legatee, or creditor is indorsed thereon. But this is no objection, if the writ be indorsed as the law requires ; and we have seen that it requires only the name of the person or persons, *for whose use* the action is brought, to be indorsed upon it. And it would seem, from the generality of the language used, that it was intended to embrace all persons, who might, *in any capacity*, be entitled to the money which is the object of the suit, whether, as heir, legatee or creditor, or as executor or administrator of an heir, legatee or creditor, or as assignee of either of them, and so entitled to the sum sued for. And certainly the executor or administrator of an heir might indorse a writ or a probate-bond to recover the share due to such heir, and yet the name of the heir need not and *cannot* be indorsed after his death. It must be that of his legal representative. And why not his *equitable* representative or assignee? The plea therefore is bad, as it only alleges that the writ is not indorsed in a manner which the statute does not require.

But if the plea had been good, denying that the writ had the name of the person or persons, for whose use and benefit the action was brought written thereon; still, the replication would have been a good answer to it, because it denies it by affirming that the names of two persons are written thereon; the one, a creditor in interest, and the other an attorney in the original action, as by the record of the indorsement appears, and prays an inspection of it. The existence of this record not being de-

nied, the demurrer admits it, and the facts appearing upon it. On inspecting it, we find that *McLellan* is assignee of *part* of the judgment recovered by *Nathaniel Martin* against the executors of *James Weeks* aforesaid, and that *Charles S. Daveis* was the attorney in the above action, having a lien for his fees contained in the judgment. Here is an equitable interest in both, which the laws ought to protect; and on this demurrer, the fairness and consideration of the assignment and the lien are not to be questioned. The action then ought to proceed, that the sum which is due from the executors may be recovered in the name of the Judge of Probate for the use of those, who have an equitable interest in it.

*We adjudge the plea in bar bad,*
*and the defendants must answer over.*